# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jeffrey Westerlund,<br><br>    Plaintiff,<br><br>vs.<br><br>Andrew Saul,<br>Commissioner of Social Security,<br><br>    Defendant. | Civil Action No. 6:18-1592-RMG<br><br>**ORDER** |

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain relief from the final decision of the Commissioner of the Social Security Administration denying his application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). In accord with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to a United States Magistrate Judge for pretrial handling. The Magistrate Judge issued a Report and Recommendation ("R & R") on June 11, 2019, recommending that the Commissioner's decision be affirmed. (Dkt. No. 17). Plaintiff filed objections to the R & R, and the Commissioner filed a reply (Dkt. Nos. 19, 20).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection has been made, and may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme of the Social Security Act is a limited one. Section 405(g) of the Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of factual circumstances that substitutes the Court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).

Although the federal court's review role is limited, "it does not follow, however, that the findings of the administrative agency are mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings." *Vitek*, 438 F.2d at 1157-58.

**Discussion**

The Magistrate Judge, in a comprehensive and well-reasoned R & R, addressed each of the issues now the subject of Plaintiff's objections and concluded that the Commissioner's final decision complied with controlling legal standards and was supported by substantial evidence. The record contains conflicting evidence regarding the degree to which Plaintiff's well-documented mental and physical impairments prevent him from sustaining work in the competitive workplace. The Administrative Law Judge ("ALJ") thoughtfully weighed these conflicting opinions and evidence and concluded that Plaintiff, despite his recognized severe impairments, retains the residual functional capacity for sedentary work. (Tr. 667-74). This

finding recognizes significant work-related impairments, including the incapacity to stand and walk for more than two hours in an eight hour day and only occasionally lifting more than ten pounds. 20 C.F.R. § 404.1567(a). Plaintiff accurately notes in his objections record evidence of a significant history of back surgeries and other physical and mental disorders. These include the opinions of Plaintiff's treating physician, Dr. Stone, that identify profound limitations in functioning that the ALJ reasonably found inconsistent with some of Plaintiff's regular conducted activities of daily living and use of a motorcycle. (Tr. 671-72). Further, Plaintiff's history of non-compliance with his diabetic regime, well documented by Dr. Stone, raises reasonable questions about Dr. Stone's statement that Plaintiff was doing all he could do. (Tr. 672). Multiple examinations conducted by physicians at the request of the Social Security Administration all recognize significant impairments, but differed on the degree of impact on Plaintiff's capacity to perform certain essential functions. (Tr. 436-39, 998-1001, 1084-86). In the final analysis, it is the responsibility of the ALJ to weigh this conflicting evidence and reach a conclusion regarding the degree to which Plaintiff retains the residual functional capacity to work. The question before the Court is not whether this Court, handling the matter *de novo*, would reach this conclusion, but whether there is substantial evidence in the record to support the conclusion of the ALJ that Plaintiff retains the residual functional capacity for sedentary work.[1]

This Court agrees with the Magistrate Judge that there is substantial evidence in the record to support the conclusion of the ALJ in this matter and the decision complies with the

---

[1] Plaintiff's date of birth was May 1, 1969, making him now 50 years of age. Assuming Plaintiff still can not perform his past relevant work, has no transferable skills, and is limited to performing sedentary work, he is deemed disabled as a "person approaching advanced age" on or after his 50th birthday under controlling Social Security regulations. 20 C.F.R. Part 404, Subp. P, App. 2, §§ 201(g), 201.09.

standards and requirements of the applicable Social Security statutes, rules and regulations. Consequently, the Court **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 17) as the order of this Court and **AFFIRMS** the decision of the Commissioner.

AND IT IS SO ORDERED.

Richard Mark Gergel
United States District Judge

July 70, 2019
Charleston, South Carolina